Judge Owsley
delivered the opinion of the court.
This was an ejectment brought by Shackelford to recover from Purket a tract of land containing about 200 acres, known by the name of the Garden place, the title whereof was asserted by the former under a deed of conveyance executed to him by the latter.
*436 The ejectment was commenced in June, 1817, and the trial bad in September, 1819.
On the trial the plaintiff produced and read in evidence to the jury a deed of conveyance given to him by Purket for the land in contest, and bearing date the 13th December, 1816. The defendant then introduced evidence conducing to prove that the deed was obtained by fraud and, unfair practices. The plaintiff thereupon offered in evidence the following arbitration and submission bond and award, made in pursuance thereof, to wit:
“We, William Shackelford and Ephraim Purket, agree to submit all matters in dispute between us, with respect to the garden place, for which said Ephraim made a deed to said William on the 13th December, 1816, and all other land contracts, and all other dealings and contracts, to the arbitration and final determination of David Maxwell, Robert W. Lewis, John Rowntree, William Smith, and Robert Wallace, and their award to be a final determination between the parties; and the parties not to be permitted to proceed further either in law or equity; the arbitrators to meet at the Dripping spring on Thursday next; and if any three of said arbitrators shall meet, they are to decide the above controversy, in place of the five, and to decide the said controversy both as to law and equity. We, and each of us, bind ourselves in the penalty of $5000; and if said arbitrators shall decide in favor of said William, said Ephraim shall give possession of said Garden place immediately. Witness our hands and seals this 13th day of July, 1817. WILLIAM SHACKELFORD, (Seal.)
EPHRAIM PURKET, (Seal.)”
“We the arbitrators of the within bond, after hearing the evidence for each of the within named Ephraim Purket and William Shackelford; are of opinion that Purket has produced no evidence, therefore say that said Shackelford has a complete legal and equitable title to the said 200 acres of land, the Garden place, now in dispute; and that the said Purket give the said Shackelford immediate possession of the same.
ROBERT W. LEWIS,
JOHN ROWNTREE,
D. MAXWELL,
ROBERT WALLACE."
“We, David Maxwell, Robert Wallace, Robert W. Lewis, and John Rowntree, arbitrators chosen by Wm. Shack *437 elford and Ephraim Purket, to settle their matters dispute concerning their land contracts, and more particularly concerning the 200 acres of land on which said Ephraim Purket now lives, called and known by the Garden place, and which was conveyed by the said Ephraim Purket to said William Shackelford on the 13th December, 1816—We, the aforesaid arbitrators, having met at the Dripping spring, at the house of David Maxwell, on Thursday the 16th of January, 1817, and after hearing the parties, Wm. Shackelford and Ephraim Purket, they being present, do award and determine, that on the 13th day of December last said Ephraim Purket made a deed of conveyance for the 200 acres of land on which said Ephraim now lives, on Sinking creek, called and known by the Garden place; and do further award and determine, that said Wm. Shackelford holds the legal and equitable title to said 200 acres of land, and that Ephraim deliver said William possession of said land and premises within 10 days.
D. MAXWELL,
Robert Wallace,
John Rowntree,
Robert W. Lewis.”
The defendant admitted the arbitration bond to be his act and deed, and that the award was duly made by the arbitrators, as it purports, and that he had notice and was present at the meeting of the arbitrators and making out their award; and that the tract of land called the Garden place in the deed of submission and award is the same tract of land in the deed of conveyance described, and for which this suit was brought. The plaintiff offered to prove by two witnesses present in court, that in deciding the matters in reference, and upon their award the arbitrators took into, consideration the charges of fraud, circumvention and unfairness, alledged by the defendant to have been practised by the plaintiff, in obtaining the deed, of conveyance and decided thereon.
But the defendant objected, as well to the submission and award going in evidence, as to the introduction of witnesses, to prove the arbitrators took into consideration and decided upon the fraud and circumvention alledged to have been practised by Shackelford in obtaining the deed; and his objections were sustained by the court, and neither allowed to go to the jury.
A verdict was consequently found for Purket, and judg *438 ment rendered thereon by the court—and from that judgment Shackelford has appealed.
A submission of dispute to arbitrators by hand, without an order of court, must be tested by maided by any statutory provisions.
A dispute for lands is, at common law, an arbitrable matter & the award, so far as it is within the submission, is conclusive between the parties as to every point decided by the referees.
The assignment of errors questions each opinion given by the court in excluding the evidence offered by Shackelford.
We shall examine those opinions in the order they occurred in that court;—but preliminary to that examination, it may not be improper to premise, that the submission was made in pursuance of no statutory provision of this county, but was entered into by writing under the hands and seals of the parties, without causing it to be made an order of court. Neither the submission or award, therefore, can derive aid from any statute, but must be considered as if there were no legislative enactment upon the subject, giving them that operation and effect to which they may be entitled according to the rules and principles of the common law.
With these remarks, we will proceed to enquire, whether or not the submission and award ought to have been permitted to go in evidence to the jury?
That, at common law the award of arbitrators, regularly made, and in relation to a matter which might be submitted, is conclusive between the same parties in a contest involving the same matter, is a proposition too well settled to need illustration by the citation of authorities.
In actions admitting of special pleading, the award is conclusive as a bar; and in cases not admitting of special pleading, it is conclusive as evidence.
Whether or not a contest relating to the title of land, is, at common law, an arbitrable matter, was anciently a question of doubt; but in latter times those doubts have been dispelled, and it is now settled, that such a contest may be determined by arbitration.
The decision of arbitrators, it is true, cannot convey the title of land, but an award upon the title is binding upon the parties, and estops the plaintiff, or defendant, from disputing the title affirmed by the award, And hence it is said, that although an arbitrator cannot convey land from one to another, but can only order it to be done; yet if he determine the right to be in one, this is conclusive evidence of the title, and cannot be disputed in an action of ejectment. Peak. Ev. 77.
The correctness of this doctrine appears not to have been denied by the circuit court, but from the bill of exceptions *439 contained in the record, that court seems to have entertained the opinion, and excluded the submission and award on the idea that to be admissible to disprove the fraud alledged to have been committed by Shackelford in procuring the deed of conveyance from Purket the purpose for which they were offered, the award should shew upon its face that the alledged fraud had been decided on by the arbitrators.
,
The points decided by the arbitrators need not be recited in the award, provided the submission i sufficiently comprehensive to give the referees jurisdictions evidence abunde may shew what, points were decided.
This court cannot admit there exists necessity for an award to contain statements of all the points decided by the arbitrators. To be evidence of any particular fact, the award should, no doubt, be sufficiently comprehensive to imply a decision of it; but that which may be fairly implied, is equivalent to an allegation of it.
That the award offered in evidence implies a decision of the question of fraud, we apprehend there is little room to doubt. It contains an express decision of the legal and equitable title to the land being in Shackelford. Fraud vitiates all contracts, and, if committed by Shackelford in obtaining the execution of the deed, neither the legal or
equitable title can be said to have passed to him. In awarding the legal and equitable title, therefore, the arbitrators must be supposed to have decided on every matter implied, in the validity of such a title, and which came within the power given them by the terms of submission, and as the fraud alledged to have been committed by Shackelford, is incompatable with both the legal and equitable title, the award fairly implies, that in the opinion of the arbitrators, it was not committed.
If by the terms of submission, the arbitrators were not impowered to decide on the question of the fraud, their having so decided, it will be conceded, ought not, and can not, conclude the parties; but we suppose the terms of submission are sufficiently comprehensive to authorise an enquiry into that matter. It purports to refer to the decision and final determination of the arbitrators all matters in dispute between the parties, as to the title of the land conveyed by Purket.
Whether or not, the question of fraud was a matter then in dispute, the deed of submission affords no certain information; but the parol evidence which was rejected by the court, was offered to prove that the question of fraud was then disputed; so that we are brought to examine the correctness of that decision, which excluded the parol evi *440 dence. We think the evidence ought to have been admitted.
A submission “of all matters in dispute" is sufficiently precise to sustain an award made under it.
Crittenden for appellant, Bibb for appelles.
Without the aid of parol evidence, it would be impossible to sustain a general submission of all matters in dispute.
For as the submission contains no suggestion of the matters disputed, it must be inoperative, unless those matters can be ascertained by matters extraneous from the submission; for it is plain, no defect in the submission, the mere act of the parties, can be explained by any thing contained in an award, the act of the arbitrators; and there is nothing else but parol evidence which can be resorted to, for the purpose of supporting the submission.
We know of no case where a submission of all matters, in dispute, has ever been held insufficient—but to the contrary, it appears well settled that a submission of all injuries, or of all matters between the parties, or of all debts and demands or of all matters in difference, will sustain an award made thereunder—1 Bac. Abr. 211.
Upon the whole we are of opinion, the evidence ought to have been permitted to go the jury, and that the court cried in excluding it. The judgment must therefore be reversed with costs, and the cause remanded to the court below, for further proceedings not inconsistent with this opinion.