ROBERTSON AND CREED ET AL. *v.* S. E. MARSHALL ET AL.

(Filed 3 May, 1911.)

1. Arbitration and Award—Scope of Submission—Void Arbitration.
    An award may not extend beyond the meaning and scope of the submission unless waived by the voluntary introduction of testimony or some other recognized method of enlarging the inquiry, and when thus extended is void as to the excess.

**2. Excess—Dependent Conditions.**

If the matters awarded in excess of the meaning and scope of the inquiry submitted are on matters not independent and severable, the effect may be to render the entire award invalid.

**3. Arbitration and Award — Courts — Favorable Consideration—Intent.**

Courts favor arbitrations, and will always put as liberal and comprehensive a construction upon agreements to submit as the apparent intention of the parties will allow.

**4. Arbitration and Award—Scope—Evidence.**

The plaintiff having purchased from the defendant two sawmills, referred to respectively as the big and the little mill, had several disagreements respecting the terms of purchase, it having been agreed, among other things, that payments were to be made in sawing defendant's lumber. The plaintiff contended that the defendant failed in its agreement to supply the lumber to be sawed, etc. Under agreement between the parties, the defendant took back and credited the plaintiff with the little mill, and proceeded under the original agreement as thus changed, but upon another disagreement submitted the matter to arbitration under a writing stating all matters of difference and disagreement growing out of the contractual and trade relations and dealings, and all matters incident thereto should be passed upon by the arbitrators and the award should be final and binding. Accordingly, an award was rendered, cancelling the plaintiff's note given for the balance of the purchase price and giving defendant damages in a certain sum. *Held,* (1) the award was within the scope of the terms of the arbitration, and binding upon the parties; (2) it was also within the scope of the arbitration, under defendant's own evidence, that all matters relating to the business dealings were to be considered, including those relating to the big as well as to the little mill.

**5. Arbitration and Award — Possible Conditions — Hypothecated Note.**

An award directing the cancellation of certain notes which the payee, a party thereto, had hypothecated with a bank for security for borrowed money is not void as impossible of performance, the repossession of the notes being possible by the payment of the note for which the security was pledged.

**6. Appeal and Error — Arbitration and Award — Partiality—Allegation—Too Late on Appeal.**

An award will not be set aside on appeal for partiality claimed on the part of an arbitrator when it is not pleaded or assailed in the trial court upon that ground.

ROBERTSON *v.* MARSHALL.

APPEAL from *E. B. Jones, J.,* at the August Term, 1909, of
SURRY.

Civil action to recover on a bond of $2,000 given by defendant
S. E. Marshall to secure performance of an award. It appeared
that defendant, S. E. Marshall, had sold plaintiffs two saw
mills, referred to as the big and the little mills, the first at the
price of $2,000 and the latter at $1,000, the sale being partly on
credit, and the mills, which were then placed on or near the
lands of defendant, were to be paid for in lumber, sawed by
plaintiff at said mills and from certain described lands of defend-
ant; that defendant entered into a contemporaneous agreement
to supply the mill with logs up to and including 1907; that some
differences having arisen between the parties, in the effort to
adjust the same, defendant agreed to and did take back the
little mill, the purchase price being credited and the parties pro-
ceeded in recognition of the contract obligations under condi-
tions produced by the change. Further differences having
arisen, among others the plaintiff complaining that defendant
had failed to supply logs as stipulated. The parties, having
entered into a bond of $2,000 to secure performance, agreed to
submit all matters in dispute between them to arbitration, and
this was done under the following written agreement:

"That, whereas, certain matters of difference or disagreement
have arisen between the parties to this agreement on account of
their contractual and trade relations and their dealings with
each other entered into and had in Surry County, North Caro-
lina, and Patrick County, Virginia, relating to the lumber busi-
ness and all else incident thereto; and, whereas, the parties
hereto have agreed, and by these presents they do contract and
agree, to submit all such matters of disagreement or difference
to arbitrators, and have agreed so to do:

"Now, therefore, the said J. A. Creed and C. L. Robertson,
of the first part, and S. E. Marshall of the other part, in consid-
eration of the premises and the sum of one dollar by each party
to the other paid, do agree, the party of the one part to the
party of the other part, as follows:

"That all matters of difference and disagreement growing out
of the aforesaid contractural and trade relations and dealings

entered into and had by the parties hereto, and all matters inci-
dent thereto, shall be submitted to the settlement of three men,
in the persons of F. E. Marshall, C. F. Taylor and W. L. Reece,
which three persons shall take such evidence and testimony bear-
ing upon all matters of difference between the parties, as above
specified, as they may deem proper; and upon such testimony
and evidence they shall make their findings and award, which
finding and award when made shall be final, and shall conclude
all parties to this agreement.    It is further agreed that the
finding and award of a majority of the three arbitrators shall
be the award of the body and shall be final."

The arbitrators met, pursuant to notice, heard the evidence,
and made a full award, deciding, among other things, that the
trade about the big mill be also cancelled, and that four of the
plaintiff's notes outstanding therefor for $750 each be surren-
dered or no longer considered binding between the parties, stated
the account between them on that basis and awarded plaintiff
$350, balance due as the result of all dealings between them.
The defendant answered and admitted the agreement to arbi-
trate and the award, setting aside the mill trade and the balance
found to be due, but denied liability on the ground chiefly that
the question of the trade for the big mill and the notes given
therefor were not matters in dispute and, therefore, not em-
braced within the terms of the submission.    Issues were sub-
mitted and responded to by the jury:

1. Did the agreement to arbitrate embrace the consideration
of the sale of the big mill?    Answer: Yes.

2. Did the arbitrators, in the absence of S. E. Marshall, admit
and consider the evidence offered by Robertson and Creed?
Answer: No.

3. In what amount, if anything, are defendants indebted to
plaintiffs?    Answer: $2,000.

Defendant resisted recovery further on the ground that it
appeared in evidence on the hearing that two of the notes had,
with other collateral, been hypothecated with a bank as security
for a loan of $500, and were not then in possession and control
of defendant.    There was judgment on the verdict for $2,000
to be discharged on payment of $350; second, that the four notes

of plaintiff, outstanding for the mill trade be surrendered subject to any right the bank of Mt. Airy may have therein. Defendant excepted and appealed.

*Watson, Buxton & Watson and R. L. Haymore for plaintiff.*
*W. F. Carter for defendant.*

HOKE, J., after stating the case. As a legal proposition, defendant is correct in contending that an award may not extend beyond the meaning and scope of the submission, unless waived by the voluntary introduction of testimony, or some other recognized method of enlarging the range of inquiry. Such action on the part of the arbitrators is void, certainly as to the excess, and if not on matter independent and severable its effect may be to render the entire award invalid. *Stewart v. Cass,* 16 Vermont, 663; *Cox v. Jagger,* 2 Cowen, 638; 3 Cyc., p. 537. The facts in evidence, however, do not bring defendant's cause within the principle. It is said to be the general rule "That courts favor arbitrations and will always put as liberal and comprehensive construction upon agreements to submit as the apparent intention of the parties will allow," 2 A. & E., p. 605, and the authorities here and elsewhere are in support of the statement. *Bryan v. Jeffreys,* 104 N. C., p. 242; *Bryant v. Fisher,* 85 N. C., p. 70; *Crawford v. Orr,* 84 N. C., p. 246; *Masters v. Gardner,* 50 N. C., p. 298; 6 Lawson's Rights and Remedies, sec. 3317. The terms of this submission, "That whereas certain matters of difference or disagreements have arisen between the parties to this agreement on account of their contractual and trade relations and their dealings with each other, entered into and had in Surry County, N. C., and Patrick County, Va., relating to the lumber business and all else incident thereto  .  .  .  therefore it is agreed that all matters of difference and disagreements growing out of the contractual and trade relations and dealings entered into and had between the parties and all matters incident thereto," shall be submitted, etc., are very broad and comprehensive, and if they do not of themselves include this trade about the big mill, as we are inclined to hold, they are without doubt sufficiently definite and certain to constitute a valid submission and to permit of parol evidence to fit them to the subject matter.

*Osborne v. Calvert*, 86 N. C., p. 171; *Shackleford v. Parkett,* 9 Ky., 435; Morse on Arbitration, p. 61. The verdict on the first issue puts this matter beyond question, and there is ample evidence to support the verdict. While defendant testified that there was no dispute between them about the trade for the big mill, the account filed by him before the arbitrators contained the four notes as items of charge in his favor. C. L. Robertson, speaking to this matter, testified: "Sam Marshall came and asked us if we had agreed to take into consideration the mill notes and everything else. We told him yes, and he said he would then go into the agreement to arbitrate, and we all signed the paper. I was at the arbitration sworn, and so were all the others. I told them the agreement with the big mill and notes were to go into arbitration. Marshall was present. The disagreement grew out of our sawing contract. There was but one contract in writing. He discussed the purchase of the mill, then put it into writing." And J. A. Creed said: "When we agreed to arbitrate, we were to bring in the mill notes and everything, and he agreed to it, and I took it for granted that it covered the whole thing. We put up in evidence that the big mill, lumber and all, was to be considered." On the testimony and findings therefore we are of opinion, and so hold, that the award was within the scope of the admission, that it was adequate, sufficiently definite and final and no reason appears for disturbing the result.

Defendant further insists that no recovery should be had because it appeared upon the hearing that two of the notes directed to be returned had, with other collateral, been hypothecated with the bank of Mt. Airy, and were not, therefore, in the ownership, possession or control of the defendants or either of them. Undoubtedly it is one of the requisites of a valid award that its performance be possible, but in reference to the question presented, this principle is only held to exclude awards impossible of performance in the nature of things, as "a direction to execute a conveyance on or before a day that had already passed," or to do or obtain something which the party had no legal right to procure or enforce," as to "give some third person as surety" on whom the party had no claim. 8 Waites Actions and Defenses, pp. 527-540, but in this case, as shown, the notes, with other

collateral, were only hypothecated to the bank to secure an indebtedness of $500. The defendant, S. E. Marshall, had the legal right to redeem the notes, and the award, in this instance, is no more impossible than an order to pay a sum of money or do any other lawful act within the power of the defendant. The judgment, as a matter of form, protects the rights of the bank in the two notes, but this, while eminently proper, would seem to be unnecessary, as the bank, not being a party, could assert whatever rights it had, notwithstanding the judgment.

The position that the award should be set aside because one of the witnesses testified to facts which tended to show partiality in one of the arbitrators is without merit. There was evidence in full denial of the statement and in the absence of any pleading or application of any kind in the court below, assailing the award on that ground, the question may not be considered here. *Bryant v. Fisher, supra.* There is no error and the judgment below is affirmed.          No error.