C. C. N. CUTLER v. MARY H. CUTLER ET AL.

(Filed 22 September, 1915.)

**1. Arbitration and Award—Lands—Contracts in Writing—Description.**

An agreement to arbitrate a matter in dispute must be in writing when relating to the title to land, and describe the land with reasonable particularity, in order for it to be binding or enforcible.

**2. Arbitration and Award—Contracts—Agreement—Scope of Powers—Ultra Vires Acts—Estoppel.**

Arbitrators derive their power to act from the contract or agreement of the parties to arbitrate, and when such is sufficient for them to ascertain or determine which of the contesting parties is the owner of the title to land, and this question alone is submitted to them, an award finding or recommending that one of the parties should pay the other a certain sum of money, whereupon the other should convey the title to him, is not within the terms of the agreement, but, in effect, an attempt to compromise, and therefore, being void, will not estop the parties in an action subsequently commenced.

APPEAL by defendants from *Harding J.,* at the May Term, 1915, of BEAUFORT.

This is an action to recover land, tried on the following agreed statement of facts:

1. That the plaintiff is the owner and entitled to the possession of the six acres of land described in section 4 of the complaint, conveyed to him by R. O. Gurganus, unless he is estopped and barred of recovery of same by reason of the facts hereinafter set forth.

2. That on 7 February, 1913, the plaintiff and defendants, other than the Kugler Lumber Company, entered into an agreement, a copy of which is hereto attached, marked Exhibit "A."

3. That thereafter on 3 March, 1913, the arbitrators named in the agreement, referred to in section 2, rendered the following report, a copy of which is hereto attached and marked Exhibit "B."

4. It is agreed that if the court be of the opinion, on the foregoing statement of facts, that the plaintiff is not estopped and barred of recovery by reason of the matters herein agreed to, then it shall enter judgment declaring the plaintiff the owner in fee of the land above referred to; but if the court is of the opinion that the plaintiff is barred of his right to recover, then it shall enter judgment declaring the defendants the owners in fee of said land, subject to the payment to the plaintiff by the defendants (of) the sum of $235, with interest thereon from 3 March, 1913, until paid, which sum shall be declared a lien upon said land until paid.

(Signed) DANIEL & WARREN,
*Attorneys.*
WARD & GRIMES,
*Attorneys for Defendant.*

## EXHIBIT "A."

NORTH CAROLINA—Beaufort County.

This agreement, made and entered into this 7th day of February, 1913, between C. C. N. Cutler, of the one part, and Reading Cutler, guardian of Arthur R. Cutler, of the other part:

Witnesseth: That whereas a controversy has arose between the parties above named over the title to a certain tract of land, and whereas they have agreed to submit the facts to Thomas E. Harvey and John B. Respass as arbitrators:

Now, therefore, we do hereby agree to abide by the decision of the said arbitrators, and do bind ourselves, heirs and assigns, by signing the same.

In testimony whereof we have set our hands and seals.

C. C. N. CUTLER.       [SEAL]
ARTHUR R. CUTLER.      [SEAL]
READING CUTLER,        [SEAL]
*Guardian for Alfred W. Cutler.*

Witness: H. A. CUTLER.

## EXHIBIT "B."

NORTH CAROLINA—Beaufort County.

*To Mr. C. C. N. Cutler, Arthur R. Cutler, and Alfred W. Cutler, through his guardian, Mr. Reading Cutler.*

GENTLEMEN:—After due consideration, we, the undersigned arbitrators, selected by you jointly, beg to submit the following as our report:

That Arthur R. Cutler and Alfred W. Cutler through his guardian, Reading B. Cutler, shall pay to C. C. N. Cutler the sum of two hundred and thirty-five dollars ($235).

For and in consideration of the above named sum, the said C. C. N. Cutler shall convey by good and sufficient deed all of his right, title, claim and interest in and to a certain tract of land heired by Mary A. H. Cutler, through her father, Bryant Cutler, deceased, it being a certain tract conveyed by the said Mary to Robert Gurganus and by him conveyed to C. C. N. Cutler, containing six acres, as the above deeds will show.

The above being the most equitable terms upon which we could agree; and in reporting the same, we beseech you, gentlemen, to accept this in the name of peace, and try prevent. any further unkindly feeling from rising between yourselves or your offsprings.

Respectfully submitted,

|                    | (Signed)  T. H. HARVEY.       [SEAL] |
| March 3, 1913.     | (Signed)  JOHN B. RESPASS.     [SEAL] |

The court held the arbitration and award to be void, and rendered judgment declaring the plaintiff to be the owner of the land in controversy, and the defendants excepted and appealed.

*Daniel & Warren for plaintiff.*
*Ward & Grimes for defendants.*

ALLEN, J.   An agreement to arbitrate is a contract, and from it the arbitrators derive their authority to bind the parties by their decision. The agreement is the foundation of the award (*Sprinkle v. Sprinkle,* 159 N. C., 83), and if the controversy relates to the title to land, it must be in writing.   *Fort v. Allen,* 110 N. C., 183.

The agreement to arbitrate, relied on by the defendants, is in writing, but it is so fatally defective that it cannot be enforced as a contract. It contains no description of the land, the title to which was in controversy, and refers to it simply as a certain tract of land, and there is no finding or statement that aids the description.

We must, then, consider the legal effect of the award, as if made upon an oral agreement to arbitrate, and we find that the question was considered and ruled against the position of the defendant in *Crissman v. Crissman,* 27 N. C., 498, which was approved in *Pearsall v. Mayers,* 64 N. C., 552.

In the *Crissman case,* which was an action of ejectment, there was an oral agreement to refer title to arbitrators, and there was a written award, and the Court, after stating several objections to the award, said: "But, admitting that those objections could be answered, there remains one that we deem insuperable.   It is, that the submission was not by deed or in writing, and, therefore, that the ward, as far as it affects the title to land, is void under the act of Assembly of 1819."

There is another objection to the ward which renders it invalid, and that is that the arbitrators exceeded the meaning and scope of the submission.

Conceding that the land described in the complaint is the land involved in the agreement to arbitrate, the agreement referred to the arbitrators the *title* to the land, and gave them no power to do more than determine the title between the parties, and it appears from the award that they undertook to compromise the matters in difference by directing one of the parties to pay a sum of money, and the other to execute a conveyance.

It is well settled that the arbitrators cannot exceed the authority conferred upon them by the agreement.   (*Robertson v. Marshall,* 155 N. C., 171), and the case of *Duncan v. Duncan,* 23 N. C., 467, furnishes an application of the principle very much like the case before us.   The headnote to that case is as follows:   "Where an action of ejectment was

referred, by rule of court, to arbitrators, and they awarded as follows: 'We find the plaintiff in the case, Mary Duncan, has, at various times, paid to Roland Duncan, in cash, notes and property valued at $1,544: we therefore award to her three-fourths the whole amount of land purchased of the executors of Charles Finlay, deceased, to be taken off of the upper part of said land': *Held,* that this award was not only uncertain, but that it went beyond the rule of reference, and therefore the court will not enter judgment on it."

We are therefore of opinion that his Honor held correctly that the award was not an estoppel, and the judgment is

Affirmed.