HARRY GEIGER v. E. F. CALDWELL ET AL.

(Filed 15 November, 1922.)

1. **Arbitration and Award—Contracts—Intent—Scope—Conclusiveness.**

An agreement to submit a controverted matter to arbitration is, in its interpretation, to be regarded as a contract between the parties and construed to arrive at their intent, and the scope of their award will be confined to such matters only as are submitted to them.

2. **Same—Extraneous Matters.**

Where the arbitrators have included in their award matters relating to the subject that are not properly within its scope, the award as to the matters that are properly therein passed upon will be held to conclude the parties when capable of being separated without prejudice to the rights of any of them.

3. **Same.**

Where the vendor of land has agreed with the purchaser under a writing that the latter was to repair the dwelling upon the land, not to exceed a certain sum, as a part of the purchase price, and he claims that he has exceeded the sum limited in making the repairs; a written submission to arbitration of the value of the repairs made by the purchaser within the limitation imposed by the agreement to arbitrate, is conclusive only within the amount so limited, and to that amount only are the parties bound by the award.

4. **Arbitration and Award—Award if Two Arbitrators.**

Where the parties have each selected an arbitrator under an agreement that three were to determine the controverted matter, and have conducted the proceeding upon the idea that the third should be called in only in case of disagreement of the arbitrators so selected, it becomes unnecessary for those selected to call in the third when they both have agreed and rendered their award accordingly.

5. **Appeal and Error—Objections and Exceptions—Sufficiency of Exception—Arbitration and Award.**

The form of an exception to the judgment of the Superior Court that presents on appeal the question as to whether the arbitrators had exceeded the authority conferred upon them by the agreement to arbitrate, will not be held insufficient when it substantially presents the real point intended to be raised.

APPEAL by defendant from *Long, J.,* at September Term, 1922, of RICHMOND.

Civil action, heard on the report of a referee. The case is this: On 27 September, 1918, defendant sold to plaintiff a certain lot in Hamlet, N. C., known as No. 81, for a stipulated price, on which plaintiff made payments and then gave his note for the balance, which was $4,750, due 27 December, 1918, with interest, and to secure the same he executed a deed to E. A. Harrill, as trustee, for said lot, with power of sale, which was duly registered. At the time of said purchase there was on the

lot a dwelling-house, which had never been completed, and which had been damaged by fire, and as a part of the contract of purchase, it was agreed between the parties that the defendant should, at his own expense, repair the house, complete it, and put it in good condition, as will fully appear from a contract between the parties, dated 27 September, 1918. That if the defendant had proceeded with due diligence with the work performed by him in accordance with the contract of 27 September, 1918, it should have been completed by 1 January, 1919, but on account of sickness and lack of money the defendant did not complete the work, and on 27 June, 1919, although defendant had done certain work on the house, it had not been completed in the way and manner specified by the contract.

On 27 June, 1919, the contract of 27 September, 1918, was abandoned by mutual consent, and a new contract was entered into between the parties, under the terms of which the plaintiff was to pay the defendant the sum of $4,000 in cash as a credit upon the indebtedness secured by the deed of trust to E. A. Harrill, trustee, and was himself to finish the house in the manner specified in the contract of 27 September, 1918, the reasonable cost thereof to be credited on the indebtedness secured by the deed of trust to E. A. Harrill, the estimated cost of finishing the house, to wit, the sum of $750, to be retained by the plaintiff pending the completion of said house. It was further agreed that if, upon the completion of the house, the parties could not agree upon the amount expended by plaintiff for work done by him on the same, the matter should be referred to three disinterested persons as arbitrators, and the plaintiff and defendant, on 27 June, 1919, executed a written agreement which, as far as it relates to this matter, is as follows: "Whereas, Harry Geiger is indebted to E. F. Caldwell in the sum of $750, and E. F. Caldwell is indebted to the said Harry Geiger, in the manner hereinafter stated, both parties mutually agree to the following: The parties agree that for the purpose of paying whatever amounts are due for completing this house, which the said Geiger agreed to do, but failed to do, and which Geiger now agrees to do, the said Geiger shall complete the house and receive payment for the same (omitting immaterial matters), and the parties agree that Geiger may deduct the cost and expense of completing the house from the balance due by him to Caldwell for the land to the amount of $750 of said purchase money, and the balance thereof he shall pay to Caldwell, with a lien on the house and lot for the same. The parties further agree to refer any dispute as to the amount due Geiger for the work to three arbitrators if they themselves cannot agree as to the same.

The case was sent to a referee, who found the following facts: "In accordance with the contract of 27 June, 1919, the plaintiff completed

the house in the way and manner specified in the contract of 27 September, 1918, and delivered to the defendant an itemized statement, showing that plaintiff had expended the sum of $1,190.80 in completing said house, and the plaintiff then and there offered to settle with the defendant upon this basis and to pay the defendant the balance due upon the indebtedness secured by the deed of trust to E. A. Harrill, trustee, after deducting all cash payments theretofore made, plus said sum of $1,190.80, but the defendant declined and refused to make settlement upon this basis. The parties, therefore, being unable to agree upon the amount expended by plaintiff in completing the house, appointed arbitrators, in accordance with the contract of 27 June, 1919, and thereupon the plaintiff selected W. J. Galloway and the defendant selected J. H. Austin, and the parties agreed upon one Cole as the third arbitrator. Thereupon the three arbitrators were furnished with an itemized statement of the amount claimed by plaintiff to have been expended by him in completing said house, together with bills and receipts evidencing the amounts paid by him, and the three arbitrators and plaintiff and defendant went over the house and inspected the same, and on 27 January, 1920, W. J. Galloway and J. H. Austin, two of the arbitrators, filed an award in writing, whereby they found that plaintiff had expended the sum of $1,135.36 in completing said house. A copy of the award was furnished to plaintiff and another to defendant. Although the contract of 27 June, 1919, provided for three disinterested arbitrators, both plaintiff and defendant construed the contract to mean that the third arbitrator was not to act, except in case of a disagreement between the other two arbitrators. That upon the arbitration there was no disagreement between the two arbitrators first selected and agreed upon between the parties, and for the reason the third arbitrator did not act or sign the written award. That the work of completing said house in the way and manner provided by the contract of 27 September, 1918, should have been performed and completed by the plaintiff in accordance with the contract of 27 June, 1919, at a cost and expense to him of not exceeding $750. That after said house was completed and finished, certain material was left over, the cost of which had been included in the statement furnished by plaintiff to the arbitrators, and which was allowed by them, and said material is still in the possession of the plaintiff. That the only cash payments which have been made by plaintiff to defendant on account of the indebtedness secured by the deed of trust to E. A. Harrill, trustee, are the following: $70.25, paid on or about 1 December, 1918, being three months interest; and the further sum of $3,000, paid in cash on 1 September, 1919. That if the award of the arbitrators is valid and binding, then a true and correct statement of the indebtedness due by plaintiff to defendant secured by the deed of trust to E. A. Harrill, trustee, is as follows: "Then follows

a statement of the account between the parties by the referee showing a balance due by Geiger on the indebtedness secured by the deed of trust to Harrill of $855.41 (as shown in finding No. 11), allowing him for the value of all work done and for all expenditures by him in completing the house, and giving him the benefit of the award of arbitrators."

The referee then says in his report: "If the award of the arbitrators be not final and binding, then a correct statement of the indebtedness due by plaintiff to defendant and secured by the deed of trust to A. E. Harrill, trustee, is as set forth in finding No. 11, with the exception that the credit of $1,135.36 as of 27 January, 1920, should be only the sum of $750 as of that date. The evidence before the referee was insufficient to authorize or justify the allowance of any damage in favor of or against either of the parties. The balance due by plaintiff to defendant is secured by the deed of trust to E. A. Harrill, trustee, registered in Book 110, at page 452, and is a first lien upon the property therein conveyed."

The referee concludes as matters of law:

"1. That the arbitration agreement and the award therein are valid and binding on the parties.

"2. That plaintiff is indebted for balance of debt to defendant secured by Harrill's deed of trust, in the sum of $855.41, with interest from 27 January, 1920, until paid, which is secured by the said trust deed, and recommends a sale of the property to pay it." There are other findings not material to this appeal.

Report of referee confirmed by the court, and judgment thereon for defendant for the balance due on debt, and for a sale of the property for its payment.

Defendant excepted and assigned the following errors: "The defendant excepts to the first conclusion of law of the referee herein for that the same is erroneous, and for that the referee should have found that the arbitration and award was not legal or binding upon the defendant E. F. Caldwell." This exception was overruled, and the report of the referee confirmed, and judgment rendered accordingly. Defendant appealed.

*W. R. Jones for plaintiff.*
*J. Chesley Sedberry for defendant.*

WALKER, J. The referee (Mr. Lawrence) acted wisely in presenting a report in the alternative views based on the construction of the arbitration and award and the evidence. He held himself bound by the award, and in this he was also correct, but we are of the opinion that the arbitrators adopted a mistaken view of the arbitration. It is clear from the terms of the submission to them that the plaintiff was not to

be allowed a credit of more than $750 for work done by him on the balance of the debt due by him to Caldwell. This, it seems to us, is the plain and only allowable construction of the submission. The confusion as to its meaning arose from the fact that they had separated a part ($750) of an entire debt due by Geiger to Caldwell from the whole thereof ($1,750), and referred to the $750 as if it was a separate and distinct debt evidenced by a note or some other instrument for its amount ($750), whereas the balance of the debt, originally $4,750, was $1,750, but the meaning and intention of the parties is so plainly manifest that this peculiar and confusing way of expressing it is altogether immaterial. We search for the contract and construe it according to the real intention of the parties, and when this is discovered, and especially when, as in this case, it is so easily found, we do nothing more than execute it.

In paying or reducing the amount of Caldwell's indebtedness to him for his work on the house, the plaintiff could offset it by his debt to Caldwell for the balance of the purchase money due for the lot and secured by the Harrill deed of trust, but only to the amount of $750. This was, therefore, the limit of the power conferred upon the arbitrators in determining the balance due by Geiger to Caldwell. The learned referee considered this matter, and would have given Geiger a credit for only $750 had he not been of the opinion that he was bound and concluded by their award allowing him more than that amount. In thus holding, he overlooked the fact that the arbitrators had exceeded their power and jurisdiction, if it may be so called, and to the extent that they did so, he was not bound by their decision, but could decide for himself.

Turning to the authorities, we find it settled that the submission furnishes the source and prescribes the limits of the arbitrators' authority, without regard to the form of the submission. The award, both in substance and in form, must conform to the submission, and the arbitrators are inflexibly limited to a decision of the particular matters referred to them. 5 Corpus Juris, 124. A submission is in itself a contract, or agreement, or so far partakes of its nature as to be substantially within the principle applicable to contracts as "the basis of the arbitration and award is the submission." *Sprinkle v. Sprinkle,* 159 N. C., 81; *Millsaps v. Estes,* 137 N. C., 536; *Dist. of Columbia v. Bailey,* 171 U. S., 176. As a legal proposition, defendant is correct in contending that an award may not extend beyond the meaning and scope of the submission, unless waived by the conduct of the parties, or by some other recognized method of enlarging the range of inquiry, which is not shown here. Such improper action on the part of the arbitrators is void, certainly as to the excess, and if not on matter independent and severable, its effect may be to render the entire award invalid. *Robert-*

*son v. Marshall,* 155 N. C., 167. An award must be made strictly in pursuance of and in agreement with the submission, which must not, in its terms, be exceeded, and the arbitrators should regularly award as to all things referred to them, though an award may be good as to part, and void as to the remainder (if the parts are separable), where the arbitrators have acted in excess of authority. *Millinery Co. v. Ins. Co.,* 160 N. C., 130; Watson on Arbitration, marg. p. 176; *Stevens v. Brown,* 82 N. C., 460. In *Cutler v. Cutler,* 169. N. C., 482, it was held that an agreement to arbitrate is a contract, and from it the arbitrators derive their authority to bind the parties by their decision, and it is well settled that the arbitrators cannot exceed the authority conferred upon them by the agreement.

The award exceeded the limit set by the terms of the submission, and, as argued by the defendant, it was, at least to that extent, not authorized and void, and did not bind the defendant or the arbitrators. But this is, as to the latter, on matter substantially separable from the rest of the award and independent of it. The arbitrators did what they were authorized to do, although they did more, but as this does not vitiate what was within their express power to do, we may hold it valid as to it, and void as to the excess.

The parties, as reported by the referee, treated the submission as, in the first instance, to two of the arbitrators, and in the event of disagreement between them, the third then to act in conjunction with the others. But the last was not required to be done, as the two agreed, and rendered his participation unnecessary. This was the correct view as taken by the referee. The very nature of the transaction, as disclosed by the entire record, clearly sustains his conclusion upon this part of the case.

The objection to the form of the single exception and assignment of error is not well taken. It substantially presents the real point intended to be raised, namely, that the award in its present form is not legal and binding upon the defendant, because the arbitrators exceeded their powers. It would be placing a very technical and strained construction upon the exception of defendant should we decide otherwise.

The judgment will be modified and the case remanded, so that the report of the referee may be modified by the court, or recommitted to the referee for that purpose, by allowing the plaintiff $750, as a credit on the account, instead of the amount now appearing in the referee's account as stated by him, this being his alternative ruling, if the award is not valid and binding upon defendant, except as modified, which it is now held by us to be. The other grounds of objection to it are untenable.

As thus modified, the judgment of the court is affirmed, and will be enforced.

Modified and affirmed.