C. J. YELTON v. E. E. MCKINNEY.

(Filed 4 January, 1933.)

1. **Arbitration and Award E b—Where award is ambiguous parties may introduce evidence as to items covered therein.**

   The substance and form of an award must conform to the submission to arbitration, and the particular matters specified in the agreement to arbitrate may alone be included in the award, but where there is no written submission and the award is ambiguous, the parties may introduce evidence *aliunde* as to whether a disputed item was considered by the arbitrators and included in the award.

2. **Appeal and Error J e—**

   It must appear of record what the excluded testimony would have been in order for an exception to its exclusion to be considered on appeal.

3. **Appeal and Error K c — Newly discovered evidence held merely cumulative, and motion for new trial is denied.**

   Where a dispute has arisen between the parties as to whether a certain item was included in the award under an agreement to arbitrate, and upon the trial of an action on the item one of the arbitrators has testified that the item was not included in making the award, affidavits that he had found since the trial certain figures and data conclusively showing that the item had not been included, without showing that the other party or his arbitrator had signed the papers or admitted their correctness either directly or by implication is held insufficient to support a motion for a new trial for newly discovered evidence, the proposed evidence being merely cumulative and corroborative of the arbitrator's testimony upon the trial.

CIVIL ACTION, before *Hill, Special Judge,* at September Term, 1932, of CLEVELAND.

The plaintiff instituted this action against the defendant upon a promissory note for $2,038.77, payable to the First National Bank of Shelby, and signed by the plaintiff and the defendant. The plaintiff alleged that he signed the same as surety for the defendant and had been compelled to pay the same. The defendant admitted the execution of the note and alleged that he and the plaintiff had been engaged in operating the Elmore Hosiery Mill, and that in 1920, it was decided to discontinue the enterprise, and that thereafter on or about 1 February, 1928, the plaintiff and the defendant orally agreed to arbitrate differences then existing, and in pursuance of such agreement, plaintiff selected C. S. Lee for his arbitrator, and the defendant C. A. Burrus for his arbitrator, and that said arbitrators so selected considered all matters in controversy, including the note described in the complaint, and that subsequently said arbitrators filed a written report or award direct-

ing that the plaintiff should pay to the defendant the sum of $125.00.
This award was dated 30 December, 1929, and signed by both arbitrators. The plaintiff filed a reply admitting the oral submission to arbitration, but denied "that the note, as set out in the complaint, was to be considered or was considered by said persons." Burrus, the arbitrator, selected by the defendant said: "My best impression is that this note was considered by us as arbitrators. . . . I could not say beyond a doubt or all doubt that it was included, but that is my best impression and recollection. We considered just what referred to the Elmore Hosiery Mill, and it was not supposed to include any individual indebtedness of Mr. McKinney to the bank. . . . Mr. Yelton and Mr. McKinney had an argument in the presence of Mr. Lee and myself as to whether or not the note in question here was a part of the hosiery mill transaction, and they almost came to blows about it, or rather they came to harsh words about it, and my recollection is and my impression about the matter is that it was all included in our award. It has been a long time ago, but that is the way I remember it." Lee, the arbitrator selected by the plaintiff, said: "My understanding of what was submitted to us was just the matters concerning the corporation . . . and did not include any individual indebtedness of either Mr. McKinney or Mr. Yelton. To the best of my recollection this note here, dated 22 December, 1927, was not included in the arbitration. . . . We went down to the bank and Mr. George Blanton brought out this note, and we could not find that it had any connection whatsoever with the hosiery mill, so we never mentioned the note any more. The note was not taken in consideration in the arbitration."

The award declared: "Know all men by these presents that we, C. S. Lee and Chas. A. Burrus, arbitrators to whom the matters in controversy existing between E. E. McKinney and C. J. Yelton concerning the Elmore Hosiery Mill, of Lawndale, N. C., were submitted by an oral agreement of the parties in question in the presence of the said arbitrators on or about the first day of February, 1928, having heard the proofs and allegations of the parties, and examined the matters in controversy submitted by them, do award and order as follows, namely: that the said C. J. Yelton shall pay, or cause to be paid, to the said E. E. McKinney the sum of one hundred and twenty-five dollars, in full payment and discharge of the debt, demand, or claim of the said E. E. McKinney against the said C. J. Yelton," etc.

The following issues were submitted to the jury:

1. "What amount, if any, is the plaintiff entitled to recover of defendant on the note set out in the complaint?"

2. "What amount, if any, is the defendant entitled to recover of plaintiff by reason of the matters set up in the answer?"

The jury answered the first issue "$2,038.77, with interest," and the second issue "$125.00 with interest."

From judgment upon the verdict the defendant appealed.

*D. Z. Newton for plaintiff.*
*B. T. Falls for defendant.*

BROGDEN, J. The primary question in dispute between the parties was whether the note was intended to be included in the deliberation of the arbitrators and thereafter merged in the written award. There was no written submission, but the award recites that the matters in controversy were "concerning the Elmore Hosiery Mill of Lawndale, N. C.," nor does the award undertake in express terms to declare the relationship of the parties to the note in controversy or undertake to establish any liability by virtue thereof. This Court has heretofore declared that "the award, both in substance and in form, must conform to the submission, and the arbitrators are inflexibly limited to a decision of the particular matters referred to them." *Geiger v. Caldwell,* 184 N. C., 387, 114 S. E., 497. Many years ago it was held that a party may offer evidence as to whether a particular item was considered by arbitrators in the event the submission and award was not clear or explicit, touching the controverted items. *Osborne v. Calvert,* 86 N. C., 170; *Farmer v. Wilson,* 202 N. C., 775, 164 S. E., 356.

The evidence was conflicting upon whether the note was considered by the arbitrators or included in the award. Hence, it was proper to submit this phase of the case to the jury in order to ascertain the amount of the indebtedness. The trial judge clearly presented to the jury the issue of fact in the following instruction: "If you are satisfied from the evidence, and by its greater weight, that the plaintiff and the defendant entered into an arbitration agreement, appointed arbitrators, offered testimony with respect to their claims one against the other, that included in these claims was this note for $2,038.77, and that the arbitrators took the note into consideration in rendering their award, then the court charges you that it would be your duty to answer the first issue 'No,' because there would have been an accord and satisfaction."

The defendant assigns for error exceptions to certain questions propounded witnesses, but the answers the witnesses would have given to the questions do not appear in the record. Therefore, such exceptions cannot avail. *Rawls v. Lupton,* 193 N. C., 428, 139 S. E., 835.

The defendant makes a motion for a new trial for newly discovered evidence. This motion is based upon the affidavit duly made by Mr.

Burrus, one of the arbitrators, who states therein that since the trial he has made an exhaustive search and has "found the original statements of claims by both parties, and data used by him, and sheets upon which calculations were made, in stating the account and contentions of the parties and the conclusions of the arbiters, and now has same in his possession available to the defendant appellant, and that said data shows conclusively that the note sued on by the plaintiff in this case was considered by the arbiters and included in their statement," etc. There appears a statement of the account of the parties, but the affidavit does not disclose whether any of the data or papers referred to were signed by the plaintiff or the other arbitrator, or that either of them at any time admitted their correctness, expressly or by implication. Consequently, we must assume that these papers are *ex parte* memoranda, made by the arbitrator Burrus. If so, they merely corroborate his testimony as a witness and are, therefore, necessarily cumulative in character. A new trial is not warranted by this showing. *Brown v. Sheets,* 197 N. C., 268, 148 S. E., 233; *S. v. Casey,* 201 N. C., 620; *Pridgen v. R. R., ante,* 62.

No error.