T. C. BOWIE AND E. A. McNEILL v. H. C. TUCKER, TRUSTEE OF THE WEST
JEFFERSON LAND COMPANY AND H. C. TUCKER.

(Filed 12 April, 1933.)

**Arbitration and Award D c—Where parties do not object to award it is
error for court to remand same to arbitrators on its own motion.**

Where the court submits a cause to arbitrators with the consent of the
parties under an agreement that the award should be final, judgment
should be entered upon their award in the absence of exception or objec-
tion by either party when the report does not show on its face that the
arbitrators exceeded their authority, and it is error for the court of its
own motion to remand the same to the arbitrators for the finding of
additional facts.

APPEAL by plaintiffs from *Stack, J.,* at October Term, 1932, of
ASHE. Error.

This action was first tried by a referee appointed by the court, who
filed his report at July Term, 1932. By consent of the parties, the re-
port of the referee was set aside, and together with the order of
reference stricken from the record.

It was thereupon by consent of the parties ordered by the court that
the issues raised by the pleadings and the entire controversy between
the parties involved in the action, be and the same were referred to
arbitrators named in the order for final determination. The arbitrators
filed their report and award at October Term, 1932, of the court. The
award was based upon findings of fact made by the arbitrators. No ex-
ceptions were filed by the parties or by either of them, to the report or
to the award. Nor did either of the parties move for time within which
to file exceptions.

The judge presiding, of his own motion, ordered that the report and
award be remanded to the arbitrators, with directions to the arbitrators
to find other and additional facts, and to determine the rights and
liabilities of the parties upon these additional facts.

From this order the plaintiffs appealed to the Supreme Court.

*R. A. Doughton for plaintiffs.*
*W. B. Austin and Ira T. Johnston for defendants.*

CONNOR, J. This action was referred by the court with the consent of
the parties to arbitrators to determine the issues arising on the plead-
ings and the rights and liabilities of the parties involved in the con-
troversy out of which the action arose. It was ordered that the report
and award of the arbitrators should be a final determination of all

matters at issue between the plaintiffs and the defendants involved in the controversy. The report and the award filed with the court by the arbitrators does not show on its face that the arbitrators exceeded the terms of the consent order of the court by which they were named.

It was error for the court on its own motion, without objection or exception to the report and award filed by the arbitrators, to remand the same to the arbitrators, with directions that they find other and additional facts. In the absence of objection or exception filed by a party to the action, judgment should have been entered by the court on the award. *Robertson v. Marshall*, 155 N. C., 167, 71 S. E., 67; *Snell v. Chatham*, 150 N. C., 729, 64 S. E., 870; *Herndon v. Ins. Co.*, 110 N. C., 279, 14 S. E., 742.

Error.